UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

P. MICHAEL KOTASEK,

                               **Plaintiff,**

                   v.                              3:06-CV-619
                                                        (FJS/VEB)

COMMISSIONER OF SOCIAL
SECURITY,

                              **Defendant.**
_____

**APPEARANCES**                              **OF COUNSEL**

**HINMAN HOWARD & KATTELL LLP**     **EUGENE D. FAUGHNAN, ESQ.**
700 Security Mutual Building
80 Exchange Street
P.O. Box 5250
Binghamton, New York 13902-5250
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **KARLA J. GWINN, SAUSA**
**OFFICE OF REGIONAL GENERAL**
**COUNSEL - REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      Plaintiff filed this action to challenge the Administrative Law Judge's ("ALJ") determination that he is not entitled to Disability Insurance Benefits or Child Insurance Benefits under the Social Security Act. Plaintiff alleges disability starting August 1, 1984, due to depression, panic attacks, anxiety disorders, agoraphobia, and back pain.

In a March 5, 2009 Report and Recommendation, Magistrate Judge Bianchini recommended that this Court grant Defendant's motion for judgment on the pleadings and deny Plaintiff's cross-motion for judgment on the pleadings. *See* Dkt. No. 10.  On March 16, 2009, Plaintiff objected to the Report and Recommendation on the following grounds: (1) Magistrate Judge Bianchini improperly affirmed the ALJ's application of the treating physician rule; (2) Magistrate Judge Bianchini improperly affirmed the ALJ's residual functional capacity ("RFC") determination that did not include Plaintiff's alleged back pain; and (3) the hypothetical that the ALJ gave to the vocational expert ("VE") was not consistent with the findings of Plaintiff's treating physicians (first objection) and that the ALJ should not have relied on the Dictionary of Occupational Titles ("DOT") because the DOT is outdated.  *See* Dkt. No. 11.

In reviewing the Commissioner's final decision, a court reviews that decision to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the decision.  *See Charlton v. Comm'r of Soc. Sec.*, No. 08-CV-142, 2009 WL 838118, *2 (N.D.N.Y. Mar. 26, 2009) (citation omitted).  Substantial evidence means relevant evidence a reasonable mind might find sufficient to support a conclusion. *See id.* (citation omitted).  "'In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.'" *Id.* (quoting *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 72 (N.D.N.Y. 2005)).

Where a party makes specific objections to a magistrate judge's report, district courts engage in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008).  "'If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and

Recommendation only for clear error.'" *Id*. at 306 (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)). A party's specific objections must target particular findings in the Magistrate Judge's recommendation to avoid parties having a "'second bite at the apple' by simply relitigating a prior argument." *Marshall v. McLaughlin*, No. 04 Civ. 10154, 2007 WL 2438380, *1 (S.D.N.Y. Aug. 24, 2007) (quotation omitted).

Although the majority of Plaintiff's objections reiterate his original arguments, Plaintiff makes one specific objection to Magistrate Judge Bianchini's findings: that Magistrate Judge Bianchini only credited the parts of his treating physicians', Dr. Cook's and Dr. Hare's, opinions that agreed with the ALJ's finding. As Magistrate Judge Bianchini noted, the ALJ must give controlling weight to a treating physician's opinion that is well-supported by medical evidence and that is consistent with other substantial evidence in the record. *See* Dkt. No. 10 at 16 (citing 20 C.F.R. § 404.1527(d)(2)). Consulting physician reports may constitute such substantial evidence. *See id*. at 17. Magistrate Judge Bianchini correctly noted the inconsistencies between the opinions of Plaintiff's two treating physicians as well as between the opinions of his treating physicians and those of the consulting physicians. He further noted that the ALJ, while not granting controlling weight, did grant significant weight to Dr. Hare's opinion, and apparently to Dr. Cook's as well. These noted inconsistencies demonstrate that substantial evidence supports the ALJ's decisions on what weight to grant each physician's opinion. Accordingly, the Court adopts Magistrate Judge Bianchini's analysis of the ALJ's use of Plaintiff's treating physicians' opinions.

The Court finds that the remainder of Plaintiff's objections merely restate the earlier arguments that he presented to Magistrate Judge Bianchini. Accordingly, the Court reviews

them for clear error.  After reviewing the remainder of Magistrate Judge Bianchini's Report and Recommendation, the Court finds no such clear error.

Accordingly, after carefully considering Magistrate Judge Bianchini's Report and Recommendation, Plaintiff's objections thereto, as well as the applicable law, and for the reasons stated herein and in Magistrate Judge Bianchini's Report and Recommendation, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's March 5, 2009 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's Complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment for Defendant and close this case.

**IT IS SO ORDERED.**

Dated: June 3, 2009
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge